UNITED STATES of America, Appellee,

v.

Marvin MANDEL et al., Appellants.

UNITED STATES of America, Appellee,

v.

William A. RODGERS, Appellant.

Nos. 77–1166, 77–1167.

United States Court of Appeals,
Fourth Circuit.

Submitted March 1, 1977.

Decided March 8, 1977.

Jervis S. Finney, U. S. Atty., Barnet D. Skolnik, Ronald S. Liebman, and Daniel J. Hurson, Asst. U. S. Attys., Baltimore, Md., for the United States.

**1002**

Michael E. Marr, Sutley & Marr, Baltimore, Md., for William A. Rodgers.

Arnold M. Weiner, Baltimore, Md., for Marvin Mandel.

William G. Hundley, Washington, D.C., for W. Dale Hess.

Thomas C. Green, Washington, D.C., for Harry W. Rogers, III.

Charles G. Bernstein, Baltimore, Md., for Ernest N. Cory.

Before CRAVEN, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

Marvin Mandel, W. Dale Hess, Harry W. Rogers, III, William A. Rodgers, and Ernest N. Cory appeal an order of the district court denying their plea of double jeopardy. The government moves to dismiss the appeal on the ground that the order is not appealable under 28 U.S.C. §§ 1291 or 1292. We grant the motion to dismiss.

After the government had spent approximately 12 weeks presenting its evidence, the district court granted the defendants' motion for a mistrial. Another judge was designated to preside over the retrial. On January 12, 1977, he orally denied a motion to dismiss the indictment on the ground of double jeopardy and set the case for retrial on April 13, 1977. Subsequently, he filed a memorandum and order supplementing his previous oral rulings.

Contending that the denial of the plea of double jeopardy is a final order within the meaning of 28 U.S.C. § 1291, the defendants have appealed. On the other hand, the government asserts that an order granting a mistrial on the motion of a defendant is nonappealable.

In *United States v. Lansdown*, 460 F.2d 164 (4th Cir. 1972), applying the exception to the final judgment rule set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we took jurisdiction to hear and determine an appeal from an order denying a plea of double jeopardy.* Post-trial consideration of the issue, we reasoned, could provide only inadequate relief because the double jeopardy prohibition was intended to prevent the hardship of undergoing a second trial. *See Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). We restricted our holding, however, by stating that it did not apply in cases where a mistrial was declared at the request of the defendant. 460 F.2d at 171 n.8. A recent decision of the Supreme Court, however, casts doubt on this unqualified restriction when the record discloses that bad faith conduct by the prosecution or the judge caused the defendant to request a mistrial. *See United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Nevertheless, we need not determine in this case whether the restriction in *Lansdown* should be qualified by *Dinitz*.

The newly-designated district judge found that neither the prosecutor nor the former trial judge acted in bad faith to provoke a mistrial. In the memorandum supplementing his oral rulings, he said, with reference to actions taken after the discovery of attempts by third persons to cause a mistrial and tamper with the jury:

The actions were undertaken by the Court and Government for the purpose of preserving the trial and preventing the jury from being tainted by prejudicial publicity. They were intended to enhance the defendants' prospects for a fair trial rather than to prejudice the defendants.[4] Defendants' motions to dismiss must accordingly be denied.

In note 4 he added:

The Court has considered the "totality of the circumstances" and is of the opinion that the record as a whole falls far short of demonstrating bad faith prosecutorial misconduct.

The district judge's findings are amply supported by the record. Accordingly, since the mistrial was granted on the defendants' motion without bad faith provocation by

* Jurisdiction for such appeals is one of the issues in *Abney v. United States*, No. 75–6521, which was argued before the Supreme Court on January 17, 1977.

the court or the prosecutor, this appeal must be dismissed. *United States v. Lansdown*, 460 F.2d at 171 n.8.

